Matthew L. Anderson, #7459
Nicole M. Deforge, #7581
FABIAN VANCOTT
215 South State Street, Suite 1200
Salt Lake City, Utah 84111-2323
Telephone: (801) 531-8900
Fax:  (801) 532-3370
Email:  manderson@fabianlaw.com

*Attorneys for American Automobile Association (Incorporated)*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| **AMERICAN AUTOMOBILE ASSOCIATION (INCORPORATED)**,<br><br>Plaintiff,<br><br>v.<br><br>**AATOPIA AUTOCARE LLC d/b/a AAA Glass & Auto**, **AATOPIA AUTO CARE OF LOGAN**<br><br>Defendant. | **COMPLAINT**<br><br>Case No. 1:15-cv-00142<br><br>Judge Paul M. Warner |

The American Automobile Association (or "AAA," as the organization is commonly known) brings this Complaint for monetary damages and injunctive and other relief against AATOPIA AUTOCARE LLC d/b/a AAA Glass & Auto ("AATOPIA") for its infringement and unauthorized use of AAA's famous AAA trademarks.   AAA alleges as follows:

### PARTIES

1.     AAA is a not-for-profit non-stock corporation organized and existing under the laws of Connecticut and has its principal place of business at 1000 AAA Drive in Heathrow, Florida 32746.  AAA provides its more than fifty million members with a wide variety of travel

services, accommodations-rating services, and associated referral and discount services throughout the United States, including in Utah.

2.     AATOPIA is a registered limited liability corporation located in the state of Utah, with its principal place of business at 96 East Center Street in Logan, Utah 84321.  AATOPIA registered the trade name "AAA Glass & Auto" with the Utah Secretary of State.  AATOPIA operates in cities in Utah, including, but not limited to, cities within Box Elder County, Weber County, Davis County and Salt Lake County, Utah.

## JURISDICTION AND VENUE

3.     This Court has subject-matter jurisdiction over Counts 1 through 3 of AAA's Complaint because they arise under sections 32 and 43 of the Lanham Act. *See* Lanham Act § 39(a), 15 U.S.C. §§ 1121(a), (b); 28 U.S.C. § 1331; 28 U.S.C. § 1338.  The Court has subject-matter jurisdiction over Counts 4 through 7 of AAA's Complaint because they are sufficiently related to Counts 1 through 3 that they form part of the same case or controversy under Article III of the U.S. Constitution. *See* 28 U.S.C. § 1367(a).

4.     Venue is proper in this judicial district because AATOPIA resides in this district, *see* 28 U.S.C. § 1391(b)(1), (c)(2), and a substantial part of the events giving rise to the claims occurred here, *see id.* § 1391(b)(2).

## FACTS ENTITLING AAA TO RELIEF

### A.     AAA's Widespread and Substantial Use of Its Registered AAA Marks

5.     AAA has owned the relevant "AAA" trademarks (collectively, "AAA Marks") for decades and achieved considerable name recognition and goodwill in them.

6.     AAA has used its family of AAA Marks widely, continuously, and for decades, throughout the United States and in Utah, to identify itself and its automobile club services —

including automobile repair, automobile glass repair and evaluating and certifying automotive repair services — and to distinguish those services from services provided by others.

7.     AAA has continuously used its AAA Marks to identify itself and its authorized automobile and automobile glass repair service providers long before AATOPIA began using AAA for its automobile repair services.

8.     AAA has registered with the United States Patent and Trademark Office more than one hundred of its trademarks, including:

    a)    U.S. Service Mark Registration No. 3,014,132 for the mark "AAA GLASS" registered on November 8, 2005, for "automotive glass repair";

    b)    U.S. Service Mark Registration No. 0,829,265 for the mark "AAA," registered May 23, 1967 for "AUTOMOBILE ASSOCIATION SERVICES RENDERED TO MOTOR VEHICLE OWNERS, MOTORISTS, AND TRAVELERS GENERALLY" and "PROVIDING EMERGENCY ROAD SERVICE;"

    c)    U.S. Service Mark Registration No. 1,168,790 for the mark "TRIPLE A," registered on September 8, 1981 for "Automobile Association Services;"

    d)    U.S. Certification Mark Registration No. 1,449,079 for the mark "AAA APPROVED AUTO REPAIR,"  registered in July 21, 1987, for "automobile repair services;"

    e)    U.S. Service Mark Registration No. 1,988,918 for the mark "AAA Rated," registered on July 23, 1996 for "evaluating automobile repair shops;"

    f)    U.S. Service Mark Registration No. 2,158,654 for the mark "AAA," registered on May 19, 1998, for "emergency road services;"

g)  U.S. Service Mark Registration No. 3,046,904 for the mark "AAA," registered on January 17, 2006, for "glass repair services for vehicles;"

h)  U.S. Service Mark Registration No. 3,046,905 for the mark "AAA," registered on January 17, 2006 for "glass repair services for vehicles;" and

i)  U.S. Certification Mark Registration No. 3,426,468 for the mark "AAA Approved Auto Repair," registered on May 13, 2008, for "AAA APPROVED AUTO REPAIR SERVICES."

9.    Many of the AAA Marks, including those noted above, have been used continuously for at least five years since their registration, and have thus become "incontestable" under section 15 of the Lanham Act, 15 U.S.C. § 1065, thereby constituting conclusive and independent evidence of AAA's exclusive right to use such AAA Marks in commerce in connection with those products and services.

10.   Only those businesses that are part of AAA's network of affiliates and approved service providers are authorized to use or display the AAA Marks.  Consequently, AAA members and the public have come to trust and believe that entities displaying the AAA Marks are affiliated with, or endorsed or approved by, AAA and that they satisfy AAA's high standards for quality and reliability.

11.   AAA enjoys a tremendous amount of goodwill and name recognition as a result of its use of the AAA Marks and its extensive advertising and promotion of the AAA Marks in Utah and throughout the United States.

12.   The AAA Marks are distinctive:  consumers and members of the public recognize that goods and services marketed under the AAA Marks originate, are approved or endorsed by, or are affiliated with, AAA.

13.    As a result of their widespread use and recognition, the AAA Marks have become assets of substantial value and goodwill as distinguishing symbols of AAA and the services it offers.  Indeed, the AAA Marks have become famous for the services offered by AAA, and are widely recognized by the general consuming public as a designation of source of AAA's goods and services. The public has come to associate the "AAA" name with trustworthy service and advice.

**B.    AATOPIA's Unlawful Use of the AAA Marks**

14.    AATOPIA uses the AAA Marks in commerce in connection with offering automotive repair and automobile glass repair services.

15.    AATOPIA uses the AAA Marks in commerce without authorization from AAA to do so.

16.    AATOPIA uses the AAA Marks in commerce in connection with its business and without AAA's authorization.  AATOPIA uses the AAA Marks with full knowledge that AAA has not authorized it to do so. Such use of the AAA Marks causes confusion among the public because consumers are likely to believe—erroneously—that AATOPIA, is associated, affiliated, or connected with AAA, or that AAA has sponsored, authorized, approved, or endorsed AATOPIA's business, products, or services.

17.    AATOPIA's use of the AAA Marks also has diminished the ability of AAA's famous and distinctive AAA Marks to identify and distinguish the products and services provided under those trademarks by AAA and its affiliated local clubs.

18.    AATOPIA has thus made unauthorized commercial use of the AAA Marks in the United States and in Utah to its benefit and to the detriment of AAA and the public, in violation of the laws identified above.

19.    To solicit and advertise to consumers and the public, AATOPIA has caused to be placed on the Internet advertisements for the automobile glass repair services it offers, which prominently display the AAA Marks.

20.    AATOPIA also uses the AAA Mark in the trade name it has registered with the Utah Secretary of State.

21.    AATOPIA's infringing use of the AAA Marks in connection with its business is likely to confuse and mislead consumers into believing that the services offered by AATOPIA are approved, provided, endorsed, or rated by AAA, that AATOPIA is affiliated, connected and associated with AAA and its clubs, which it is not, and that AATOPIA's services are currently rated positively by AAA and meet AAA's high standards, which they are not.

22.    On information and belief, AATOPIA has acted and used the AAA Marks with actual knowledge of AAA's longstanding and widespread use of the AAA Marks, as well as with actual knowledge that AATOPIA is not authorized to use the AAA Marks.

23.    AATOPIA's use of the AAA Marks has substantially harmed AAA, the AAA Marks, the goodwill associated with the AAA Marks, and the public.

**C.    AATOPIA's Failure to Comply with AAA's Demands**

24.    Upon learning that AATOPIA, was operating at, 96 East Center Street, Logan, Utah, using signs on its premises bearing the AAA Marks and using the trade name "AAA Glass & Auto," AAA notified AATOPIA in writing on April 14, 2015 that it was required immediately and permanently to cease and desist all use of the AAA Marks and that its use of the AAA Marks in connection with its business was unauthorized and violated federal and state trademark infringement and unfair competition laws.  AAA set a deadline for AATOPIA to comply, which AATOPIA ignored.

25.     On May 22, 2015 AAA again notified AATOPIA in writing that it was required immediately and permanently to cease and desist all use of the AAA Marks and that its continued use of the AAA Marks in connection with its business was unauthorized and violated federal and state trademark infringement and unfair competition laws. AAA set another deadline for AATOPIA to comply, which AATOPIA again ignored.

26.     Although notified that its continued unauthorized use of the AAA Marks constitutes actionable trademark infringement, false designation of origin, and unfair competition, AATOPIA, continues to use the AAA Marks in its commercial activities.

27.     It is likely that AATOPIA's continued use of the AAA Marks has caused, and causes, confusion among members of the public as to whether AATOPIA is authorized, sponsored, provided or endorsed by, or affiliated with, AAA.

28.     AATOPIA's conduct is irreparably injuring AAA because AAA has lost control over the nature and the quality of goods and services that are being sold and advertised under its AAA Marks.

29.     This is an action for trademark counterfeiting, trademark infringement, false designation of origin, unfair competition and trademark dilution, in violation of sections 32(1) and (2) and 43(a) and (b) of the Trademark Act of 1946 (or Lanham Act), 15 U.S.C. §§ 1114(1)-(2), 1125(a); for violation of Utah's Trademark Infringement Law, Utah Code Ann. § 70-3a-402(1)(a); for violation of Utah's Trademark Dilution Statute, Utah Code Ann. § 70-3a-403; for violation of Utah's Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq*.; and for violation of the common law of the state of Utah. AAA seeks an injunction prohibiting AATOPIA from using in commerce its "AAA" trademarks. In addition, and pursuant to section 35 of the Lanham Act, 15 U.S.C. § 1117, and Utah Law, AAA seeks compensatory damages,

treble damages, AATOPIA's profits from the violations alleged, and the costs and attorneys' fees incurred in bringing this action.

### Count 1
### Trademark Counterfeiting and Infringement of
### AAA's Federally Registered Marks
### (15 U.S.C. § 1114(1)-(2))

30.    AAA repeats and re-alleges the allegations set forth above in paragraphs 1-29.

31.    AATOPIA's unauthorized use of the AAA Marks violates section 32(1) and (2) of the Lanham Act, 15 U.S.C. § 1114(1)-(2), because it constitutes the use in commerce of reproductions, counterfeits, copies, or colorable imitations of AAA's federally registered AAA Marks in connection with the sale, offering for sale, distribution, and advertising of products and services identical or similar to AAA's products and services in a manner likely to cause confusion, mistake, and deception.

32.    On information and belief, AATOPIA's acts complained of above have been willful and deliberate.

33.    AAA has been, and continues to be, irreparably damaged by AATOPIA's violations of this statute, and AAA has no adequate remedy at law.  Unless this Court enters an order requiring AATOPIA immediately and permanently to cease and desist from its unlawful use of the AAA Marks, AATOPIA's unlawful conduct will continue to cause injury to AAA and the public.

### Count 2
### Trademark Infringement, Unfair Competition, and
### False Designation of Origin
### (15 U.S.C. § 1125(a))

34.    AAA repeats and re-alleges the allegations set forth above in paragraphs 1-33.

35.    AATOPIA's use of the AAA Marks described above violates section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), because it constitutes the unauthorized use in commerce of AAA's AAA Marks, of false or misleading misrepresentations of fact, (1A) which are likely  to cause confusion, mistake, or deception as to the approval, origin, or sponsorship by AAA of products and services provided by AATOPIA, and (1B) which, in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of AATOPIA's goods, services, or commercial activities, which accordingly constitutes unfair competition and infringement of the AAA Marks.

36.    On information and belief, AATOPIA's acts complained of above have been willful and deliberate.

37.    AAA has been, and continues to be, irreparably damaged by AATOPIA's violation of this statute, and AAA has no adequate remedy at law.  Unless this Court enters an order requiring AATOPIA immediately and permanently to cease and desist its unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

**Count 3**
**Trademark Dilution**
**(15 U.S.C. § 1125(c))**

38.    AAA repeats and re-alleges the allegations set forth above in paragraphs 1-37.

39.    AATOPIA's unauthorized use of the AAA Marks described above violates section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), because it constitutes the use in commerce of AAA's AAA Marks and such use has caused and continues to cause dilution by blurring and dilution by tarnishment of the distinctive quality and reputation of AAA's famous AAA Marks.

40.     On information and belief AATOPIA's acts complained of above have been willful and deliberate.

41.     AAA has been, and continues to be, irreparably damaged by AATOPIA's violation of this statute, and AAA has no adequate remedy at law.  Unless this Court enters an order requiring AATOPIA immediately and permanently to cease and desist its unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

**Count 4**
**Violation of the Utah's Trademark Infringement Law**
**(Utah Code Ann. § 70-3a-402(1)(a))**

42.     AAA repeats and re-alleges the allegations set forth above in paragraphs 1-41.

43.     AATOPIA's unauthorized use of the AAA Marks in commerce constitutes a violation of Utah Code Ann. § 70-3a-402(1)(a) in that AATOPIA's use of the AAA Marks is without the consent of AAA and is in connection with the sale, distribution, offering for sale, and advertising of AATOPIA's services, which is likely to cause confusion, mistake, and to deceive as to the source of origin, nature, or quality of those goods or services.

44.     On information and belief, AATOPIA is using the AAA Marks intentionally to represent that its services have an affiliation, connection, association with, or certification by AAA that it does not have; and AATOPIA is representing that its goods and services are of a particular standard, quality, or grade when they are of another.

45.     AATOPIA uses the AAA Marks in commerce with the intent to sell its goods, services, and other things of value.

46.    AATOPIA's acts as described above have been committed with the intent to cause confusion or mistake or to deceive.

47.    AATOPIA's use of the AAA Marks in commerce causes confusion and mistake and deceives AAA' members.

48.    On information and belief, AATOPIA's acts complained of above have been willful and deliberate and are an attempt to trade on AAA's reputation or to cause dilution of the famous AAA Marks.

49.    AAA has been, and continues to be, irreparably damaged by AATOPIA's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring AATOPIA to immediately and permanently cease and desist its unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

**Count 5**
**Violation of the Utah's Trademark Dilution Statute**
**(Utah Code Ann. § 70-3a-403)**

50.    AAA repeats and re-alleges the allegations set forth above in paragraphs 1-49.

51.    AATOPIA's unauthorized use of the AAA Marks in commerce constitutes a violation of Utah's Code Ann. § 70-3a-403 in that AATOPIA's use of the AAA Marks began after the AAA Marks became famous and the use causes dilution of the distinctive quality of the AAA Marks.

52.    The AAA Marks are famous in Utah and nationwide because they are inherently distinctive or have acquired distinctiveness, have been used on a long and extensive basis in

advertising and publicity in Utah and nationwide, have a high degree of recognition in the trading areas and channels of trade of AAA and AATOPIA both in Utah and nationwide, and are the subject of federal registrations on the Principal Register, many of which are incontestable.

53.     On information and belief, AATOPIA has willfully intended to trade on AAA's reputation and cause dilution of the AAA Marks.

54.     AAA has been, and continues to be, irreparably damaged by AATOPIA's violation of this statute, and AAA has no adequate remedy at law. Unless this Court enters an order requiring AATOPIA to immediately and permanently cease and desist the unlawful use of the AAA Marks, the violation will continue to cause injury to AAA and the public.

### Count 6
### Violation of Utah Unfair Competition Act
### (Utah Code Ann. § 13-5a-101 *et seq.*)

55.     AAA repeats and re-alleges the allegations set forth above in paragraphs 1-54.

56.     AATOPIA's unauthorized use of the AAA Marks in connection with the advertising and sale of their goods and services constitutes a violation of the Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101 *et seq.*

57.     AATOPIA's conduct as alleged herein constitutes an intentional business act or practice that is unlawful, unfair, or fraudulent, has led to a material diminution in value of AAA's intellectual property, and is an infringement of a trademark and trade name.

58.     AAA has been injured by AATOPIA's unfair competition and is entitled to recover its actual damages, costs and attorney fees, and punitive damages.

**Count 7**
**Common-Law Trademark Infringement and Unfair Competition**

59.     AAA repeats and re-alleges the allegations set forth above in paragraphs 1-58.

60.     AATOPIA's unauthorized use of the AAA Marks in connection with the advertising and sale of its goods and services constitutes common law trademark infringement and unfair competition because it constitutes the use in commerce of AAA's AAA Marks, which is likely to cause confusion, mistake, and deception as to the approval, origin, or sponsorship by AAA of products and services provided by AATOPIA, and which accordingly constitutes unfair competition and infringement of the AAA Marks.

61.     On information and belief, AATOPIA's acts have been willful and deliberate.

62.     AAA has been, and continues to be, irreparably damaged by AATOPIA's violations of the common law, and AAA has no adequate remedy at law.  Unless this Court enters an order requiring AATOPIA to immediately and permanently cease and desist from its unlawful use of the AAA Marks, AATOPIA's unlawful conduct will continue to cause injury to AAA and the public.

**PRAYER FOR RELIEF**

63.     In view of the foregoing, AAA prays for the following relief:

    (a)     An injunction:

        (1)     requiring AATOPIA and its agents, servants, employees, attorneys, and
                any and all persons in active concert or participation with it
                immediately and permanently to cease and desist from all use of the
                AAA Marks, or of any combinations of the letters "A," in any form or
                manner that resembles, suggests, or intimates that AATOPIA's business

is approved or endorsed by, or otherwise affiliated with AAA including,

but not limited to, use of the phrase "Triple A;"

(2)    requiring AATOPIA, pursuant to section 36 of the Lanham Act, 15

U.S.C. § 1118, to destroy all literature, signs, billboards, labels, prints,

packages, wrappers, containers, advertising materials, stationery, and

other items in its possession or control wherein it uses the AAA Marks

or any term, symbol, or logo confusingly similar to those marks; and to

destroy any and all means in its possession or control of making any of

those infringing items;

(3)    requiring AATOPIA to have deleted or removed from publication any

advertisements paid for or used by it containing any of the AAA Marks

and any other name, mark, or logo confusingly similar to them;

(4)    requiring AATOPIA permanently to delete, destroy, and remove all

electronic content, including all websites, domain names, and other

electronic materials displaying the AAA Marks and any other name,

mark, or logo confusingly similar to them;

(5)    requiring AATOPIA to instruct third parties to remove any reference to

"AAA Glass" or "AAA Glass & Auto" or "Triple A Glass" on websites,

publications, or other electronic materials;

(6)    requiring AATOPIA permanently to cease use of any search engine optimization techniques, including ad words or keywords, that use the AAA Marks;

(7)    requiring AATOPIA to cancel, withdraw, or change its registration of the d/b/a "AAA Auto & Glass" as reflected in its registration with the Utah Secretary of State;

(8)    requiring AATOPIA to file with the Court and serve on AAA, within thirty days after entry of an injunction, a report in writing under oath setting forth in detail the manner in which AATOPIA has complied with the Court's injunction and orders; and

(b)    Monetary damages equivalent to:

(1)    Statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $2,000,000 per counterfeit mark, per good or service used by AATOPIA;

(2)    AAA's damages caused by AATOPIA's unlawful conduct, as described above;

(3)    The profits earned by AATOPIA as a result of the sale of products and services using the AAA Marks or as a result of AATOPIA's display or advertisement of the AAA Marks;

- 15 -

(4)     All state and federal statutory and common-law relief available,

including but not limited to the damages provided for by Utah law and

treble damages provided for by section 35(b) of the Lanham Act, 15

U.S.C. § 1117(b);

(5)     All costs and reasonable attorneys' fees incurred in connection with this

action, plus appropriate interest thereon;

(6)     Any punitive or enhanced damages available due to AATOPIA's willful

and deliberate conduct, including without limitation pursuant to Utah

Code Ann. § 13-5a-101 *et seq.*; and

(c)     Such other and further relief as the Court may deem just and proper.


Dated: November 6, 2015                     Respectfully submitted,

                                            /s/ Nicole M. Deforge
                                            Matthew L. Anderson
                                            Nicole M. Deforge
                                            FABIAN VANCOTT
                                            *Attorneys for the American Automobile*
                                            *Association(Incorporated)*


Plaintiff's Address:
1000 AAA Drive
Heathrow, FL 32746


4827-2702-3146, v. 1

- 16 -